## 2613.   GREEN *v.* THE STATE.

In a homicide case it is permissible for the defendant to rely upon both defenses—that he did not kill the deceased, and that if he did kill him it was justifiable; and in such a case, where the defendant has not admitted that he was the person who did the killing, it is error for the court to charge the jury that the defendant "contends that he shot and killed the deceased, acting under the fears of a reasonable man." The evidence of the defendant's guilt being very slight, the error is of sufficient importance to justify a reversal.

Conviction of manslaughter; from Greene superior court—Judge Lewis.   March 28, 1910.

Submitted May 17,—Decided June 14, 1910.

*Park & Park,* for plaintiff in error.

*Joseph E. Pottle, solicitor-general,* contra.

POWELL, J.  The defendant was indicted for murder, and was convicted of voluntary manslaughter.  By what is apparently the strong preponderance of the evidence, both for the State and for the accused, the homicide, if committed by the defendant at all, was justifiable, and yet, by straining the testimony of one of the dead man's brothers, who testified for the State, it was legally possible for the jury to have rendered the verdict of manslaughter, on the theory that the defendant and the deceased were, at the time of the killing, possessed of a mutual intention to fight with deadly weapons.  The defendant, in his statement to the jury, admitted that he had shot, but he did not admit that it was his shot that killed the deceased; and there was evidence indicating that there were several persons shooting; and the jury might have inferred, from the testimony, that not the defendant, but some other person,

not acting in concert with him, killed the deceased. The killing occurred at a negro frolic, and those of us who live in this section of the country readily understand that when a homicide occurs at a negro frolic, it is often difficult to tell who did the killing—that so soon as the fight begins, it generally becomes a free-for-all combat, in which not only the original participants but others are likely to become engaged. There is nothing unreasonable, from a practical standpoint, in the defendant's insistence that although the immediate row was between him and the deceased, others were shooting also. The case is directly controlled by *Phillips* v. *State,* 131 *Ga.* 426 (62 S. E. 239).

As the case goes back for a new trial, it is well enough for us to call attention to the fact that there was also an inaccuracy in the charge of the court on the subject of mutual combat, or mutual intention to fight. The court instructed the jury that "an assault may sometimes be evidenced by a mutual intention to fight with deadly weapons, and acts indicating a purpose on the part of the parties to carry out such mutual intention, and to use such weapons to kill each other. If both the defendant and the deceased form an intention to kill each other, and arm themselves for that purpose, or have pistols for that purpose, and, in furtherance of such mutual intention to kill, they use such weapons, the slayer would be guilty of voluntary manslaughter under the law." It is true that under the circumstances enumerated, the slayer might be guilty of voluntary manslaughter; but not necessarily so. Section 73 of the Penal Code of 1895 allows for a margin of justification in such cases; and there is evidence in the case at bar that the person killed was the assailant, and that the defendant was endeavoring to decline any further struggle before the mortal blow was given. The judge should also have made it clear that though the defendant may have armed himself, and though he may have expressed the intention of shooting the deceased with a deadly weapon, he would not necessarily be guilty of manslaughter, if he stood purely on defensive ground throughout the transaction. There was evidence from which the jury might have inferred that for some minutes prior to the killing, the deceased was endeavoring to get to the defendant and kill him. If so, the defendant would have had the right to arm himself, and to express the intention of killing the deceased if he came upon him in this hostile and murderous

attitude. A fully defensive killing, under these circumstances, would not be manslaughter.                    *Judgment reversed.*