18831. ANDREWS *v.* THE STATE.

PER CURIAM. 1. Under the evidence and the defendant's statement, the court did not err in charging the law of voluntary manslaughter or the law of mutual combat.

2. In the light of the facts of the case and of the entire charge of the court, the following instructions to the jury was not erroneous for any reason assigned: "I charge you, as a correct principle of law, if you are satisfied by the evidence in this case beyond a reasonable doubt that the defendant now upon trial and the person alleged to have been killed in the bill of indictment, if there was bad blood existing between these two women on the night of the 12th of November in the year

702

1927, and if you are further satisfied that there was not only bad blood existing between them, but that both of them were armed with deadly weapons, and that they intended to settle their differences' by the use of those deadly weapons, and if the defendant killed the person alleged to have been killed in that bill of indictment, under these circumstances she would be guilty of the offense of voluntary manslaughter."

(a) There is nothing in the case of *Green* v. *State*, 7 *Ga. App.* 804 (68 S. E. 318), contrary to this ruling. The charge there differs from the charge in the instant case. In this case the judge charged the jury that "under the definition of voluntary manslaughter, if one person kills another simply because the other person has committed an assault on him, or has committed a serious personal injury upon him, *and does not kill him in self-defense* (italics ours), as will hereafter be explained to you by the court, why then the person killing would, be guilty of voluntary manslaughter," and immediately gave the portion of the charge to which exceptions were taken. The judge later charged on self-defense. Moreover, the reversal in the *Green* case was not based on the theory that under the circumstances stated in the charge the defendant was not necessarily guilty of manslaughter.

3. The case not depending entirely upon circumstantial evidence, and there being no request to charge, the court did not err in failing to charge the law of circumstantial evidence.

4. The alleged newly discovered evidence is not of such a character as would probably produce a different verdict on another trial of the case.

5. The verdict is abundantly sustained by the evidence, and for no reason assigned did the court err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur. Luke, J., dissents.*

DECIDED NOVEMBER 14, 1928.

*W. S. Florence,* for plaintiff in error.

*Joseph B. Duke, solicitor-general,* contra.

LUKE, J. I do not agree with the judgment of affirmance in this case, because of what I believe to be error in the excerpt quoted from the charge of the court in paragraph 2 of the decision. Under the circumstances stated, the defendant might be guilty of voluntary manslaughter, but would not necessarily be so; and to charge unqualifiedly that she would be guilty of that offense under the circumstances stated was in my opinion reversible error. See Penal Code (1910), § 73, *Green* v. *State,* supra.